DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss, filed on June 3, 2009, requesting that the Complaint be dismissed.
A case management conference was held August 4, 2009. Matthew Haggett participated for Plaintiffs; Ken Collmer appeared for Defendant.
This appeal concerns residential property identified as Account R308600. Plaintiffs purchased this home in August of 2007 for $479,000. No appeal was filed for the 2007-08 tax year with the Multnomah County Board of Property Tax Appeals (BOPTA). For 2008-09, Plaintiffs did file with BOPTA and some reductions were made. Plaintiffs now request a reduction in the real market value (RMV). For 2008-09, Plaintiffs agree with Defendant's $750,400 RMV. Instead, they request that a reduction be made to the 2007-08 maximum assessed value (MAV).
Oregon has a structured appeals system for taxpayers to follow when challenging the RMV assigned to their properties. The first step in the appeal process is to a county BOPTA. Taxpayers are required to file appeals with the appropriate county board by December 31 of the current tax year. ORS 309.100(2).[1] That was not done by Plaintiffs for 2007-08. For 2008-09, *Page 2 
the BOPTA Order was mailed March 4, 2009. The Complaint to this court was mailed 31 days later, on April 4, 2009.
Some situations occur that prevent a taxpayer from timely appealing to this court. As a result, the legislature granted this court authority to review untimely appeals when the taxpayer establishes "good and sufficient cause" for not timely pursuing a statutory right of appeal. ORS 305.288(3).
ORS 305.288(3) states:
 "The tax court may order a change or correction * * * to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal."
(Emphasis added.)
That statute defines good and sufficient cause as follows:
 "`Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5)(b) (emphasis added).
For the 2007-08 tax year, Plaintiffs did not submit an appeal to BOPTA; they do not recall receiving a tax statement. It is unclear why the prior owner declined to protest any earlier assessments. For 2008-09, the appeal was not filed earlier with the court; they thought they were timely at day 31. That is not beyond their immediate control. As a result, the court finds good and sufficient cause is lacking for the failure to timely pursue an appeal for 2007-08 to BOPTA *Page 3 
and for 2008-09 with this court. The court has no independent authority to adjust the MAV for either of those years.
The second circumstance under which the court can hear a taxpayer's case is if it concludes there is a gross error. ORS 305.288(1) sets forth when the court shall order a correction under that approach. The statute states:
 "(1) The tax court shall order a change or correction * * * to the assessment and tax roll for the current tax year or for either of the two tax years immediately preceding the current tax year * * * if all of the following conditions exist:
 "(a) For the tax year to which the change or correction is applicable, the property was or is used primarily as a dwelling * * *.
 "(b) The change or correction requested is a change in value for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent." (Emphasis added.)
Here, the value range alleged by Plaintiffs is less than 20 percent. On a review of the pleadings there is no showing of a gross error.
Finally, Plaintiffs asked for clarification about the notions of tax bill equity and comparisons with other assessments. This court has many times repeated its holding on the subject of uniformity inEllis v. Lorati:
 "The court recognizes that in one sense MAV is somewhat artificial or arbitrary. That is inherent in the overall scheme of [Measure 50]. The concept may, over time, result in various degrees of nonuniformity in the property tax system. Section 11(18) [of the Oregon Constitution] contemplates this and excuses itself from complying with other constitutional provisions requiring uniformity * * *."
14 OTR 525, 535 (1999). *Page 4 
The absence of assessment uniformity is not a factor to cause an assessment reduction.
Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this _____ day of August 2009.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailingto: 1163 State Street, Salem, OR 97301-2563; or byhand delivery to: Fourth Floor,1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60days after the date of the Decision or this Decision becomesfinal and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattsonon August 28, 2009. The Court filed and entered this documenton August 28, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1